UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SERENA P. BURKARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00515-TWP-DML |
| ) | |
| FINNER N FINNER, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION *IN LIMINE***

This matter is before the Court on Plaintiff Serena Burkard's ("Ms. Burkard") Motion *in Limine* (Filing No. 32). In this employment discrimination action, Ms. Burkard seeks to prohibit the Defendant Finner N Finner, LLC ("Finner"), its attorneys, and any witnesses from introducing evidence or testifying concerning her criminal history. Finner filed a response in opposition to Ms. Burkard's Motion *in Limine*, pointing out the potential relevancy and admissibility of her criminal history (Filing No. 37). For the following reasons, Ms. Burkard's Motion *in Limine* is **DENIED**.

**I.   LEGAL STANDARD**

The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

## II.   BACKGROUND

In this action, Ms. Burkard alleges that Finner discriminated against her because of her gender and pregnancy and terminated her employment in violation of Title VII of the Civil Rights Act of 1964. Ms. Burkard was employed by Finner as a clerk at a 'Jimmy John's' sandwich shop in Indianapolis, Indiana for seven months, from May 12, 2013 through December 16, 2013. When Ms. Burkard began employment with Finner she was already pregnant, but she did not immediately disclose this fact to management.

Finner learned of Ms. Burkard's pregnancy in July 2013. Upon learning of her pregnancy, the store's general manager called Ms. Burkard on July 22, 2013 and asked her why she had not told him of her pregnancy. Throughout their conversation, the general manager complained that he would have to work all of her shifts for the six weeks she would be out for her pregnancy, labor, delivery, and recovery. Ms. Burkard gave birth on July 30, 2013, and was absent from work only two days. Upon her return to work, she furnished medical documentation to her employer.

After learning of Ms. Burkard's pregnancy, Finner reduced her work hours. Additionally, Ms. Burkard was in line for a promotion and a pay raise. Following disclosure of her pregnancy, a pay raise and promotion were not provided. After these events, Ms. Burkard complained to Finner's general manager, stating that she felt she was being treated differently than other employees. She also requested transfer to another store location in Indianapolis owned by Finner, but her request was denied.

On December 16, 2013, Finner terminated Ms. Burkard's employment. Finner explains that Ms. Burkard was terminated because she was not wearing the proper uniform, and she had taken two days off from work without getting her shifts covered. Ms. Burkard asserts that the proffered reasons for her termination are a pretext for unlawful discrimination and retaliation.

During Ms. Burkard's deposition, counsel for Finner asked her about an arrest and conviction in Georgia. In 2012, Ms. Burkard worked as a cashier/clerk at an adult novelty and tobacco store in Cherokee County, Georgia. In September 2012, she was arrested and charged with the sale of 2-aminopropan-one (a substance found in a hookah cleaner), a schedule I controlled substance, to an undercover narcotics agent. Ms. Burkard pled guilty to four felony charges and was placed on probation for twenty years. She now seeks an order *in limine* restricting the presentation of any information about her criminal history at the trial in this matter.

### III.     DISCUSSION

Ms. Burkard seeks to exclude evidence regarding her criminal history based on Federal Rules of Evidence 609, 608(b), and 403 concerning criminal convictions, prior bad acts, unfair prejudice, and confusion of the issues. Specifically, she asserts that the prejudice of informing the jury of her criminal history far outweighs any probative value, in part because this matter is an employment discrimination case which does not involve a question of dishonesty.

Finner advances several arguments that the evidence of Ms. Burkard's criminal history could be relevant and admissible. For example, Finner argues that Ms. Burkard's criminal conviction is relevant to her failure to mitigate damages under her Title VII claim. Under such a claim, Ms. Burkard has the duty to mitigate damages by finding another job, and her criminal conviction could be relevant to any difficulty she might have in obtaining new employment. In addition, because Finner alleges Ms. Burkard was terminated due to attendance issues, her criminal history is relevant as Finner will seek to offer testimony that demonstrates Ms. Burkard was absent from work because of legal issues in connection with her drug convictions in Georgia, not because of her pregnancy. Finner also argues that Ms. Burkard's criminal conviction is admissible to

impeach her character for truthfulness. However, the Court is not persuaded by this last argument because Ms. Burkard's drug offense does not correlate to her truthfulness.

In any event, "[a] motion in limine should not be granted unless it appears that the evidence is 'clearly inadmissible on all possible grounds.'" *Malibu Media, LLC v. Tashiro*, 2015 U.S. Dist. LEXIS 49218, at *2 (S.D. Ind. Apr. 14, 2015) (quoting *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011)). At this point in the litigation, it is difficult to determine the relevancy of Ms. Burkard's criminal history, and there is little context on which to determine the admissibility of such evidence. Courts often defer determinations on the admissibility of evidence so that the decision may be made in the context of trial rather than granting a motion *in limine* when the case has not significantly developed to a point where the court can make an informed relevancy determination. In this case, the Court is unable to make a determination outside the context of the trial because an order *in limine* at this stage could bar potentially permissible evidence from being presented during trial. Accordingly, the motion is denied.

Importantly, the denial of Ms. Burkard's Motion *in limine* does not prevent her from raising this objection at trial. An order *in limine* is not a final, appealable order. During the course of the trial, if Ms. Burkard believes that evidence being offered by Finner is inadmissible or irrelevant, counsel may approach the bench and request a hearing outside the presence of the jury.

## IV. CONCLUSION

For the foregoing reasons, Ms. Burkard's Motion *in Limine* (Filing No. 32) is **DENIED**.

**SO ORDERED.**

Date: 1/26/2016

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

John Robert Panico
PANICO LAW LLC
jpanico@discriminationlawgroup.com

Michael Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmclaw.com

Leeann Pels Simpkins
WOODEN & MCLAUGHLIN LLP
lsimpkins@woodmclaw.com